**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is made by and between ISKANDARI SHAMSI ("Plaintiff"), on the one hand, and LAITH & AMR, INC., TALEB ALFAOURI, and KADER ALFAOURI (collectively, "Defendants"). Plaintiff and Defendants are referred to herein as the "Parties."

WHEREAS, the Plaintiff has instituted an action against the Defendants that is pending in the United States Federal District Court for the Eastern District of Virginia, Richmond Division, captioned *Iskandari Shamsi v. Laith & Amr, Inc., et. al*, Civil Action Number 3:20-cv-00526-DJN (the "Action") wherein Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 207, *et. seq.*, by misclassifying Plaintiff as an independent contractor and failing to pay Plaintiff overtime pay for hours worked in excess of forty per week; and

WHEREAS, the Defendants deny any and all of the claims asserted by the Plaintiff, including that the Plaintiff was an employee of Defendants, and all Parties desire to settle and resolve all claims made in the Action and any and all other claims the Parties may have against each other;

NOW THEREFORE, in consideration of the mutual promises and complete mutual releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Plaintiff and the Defendants agree as follows:

***I.   Settlement Amount and Dismissal of Action.*** In consideration of the actions and promises undertaken by the Plaintiff herein (including the releases contained herein) and the dismissal of the Action with prejudice by Plaintiff, Defendants agree to the following terms:

    a.   The Plaintiff will forward to Laith & Amr, Inc., Taleb Alfaouri, and Kader Alfaouri in c/o William Baldwin, Esq., Meyer Baldwin Long & Moore, LLP, 5600 Grove Avenue, Richmond, Virginia 23226, a copy of this Agreement signed by Plaintiff and a Form W-9 executed by The Hennessy Law Firm, PLLC. Defendants shall promptly provide a countersigned copy of this Agreement to Plaintiff in c/o Thomas F. Hennessy, Esq., The Hennessy Law Firm, PLLC, 4015 Chain Bridge Road, Suite G, Fairfax, Virginia 22030.

    b.   Defendants have caused a payment in the amount of Twenty Thousand Two Hundred Fifty-Seven and 57/100 Dollars ($20,257.57) (the "Settlement Amount") to be delivered and payable to Thomas F. Hennessy, Esq. at the address set forth above in accordance with the schedule below. The Settlement Amount shall be the only amount paid by Defendants to Plaintiff and is inclusive of liquidated damages and attorneys' fees.

    c.   *Settlement Amount.* The Settlement Amount shall be divided and paid as follows:

        Payment to Plaintiff Shamsi:        $15,257.57

        Payment to The Hennessy Law Firm, PLLC:        $5,000.00

    d.   *Payment schedule.* The Settlement Payments shall be divided as follows:

      i.      $5,000.00 payable to The Hennessy Law Firm PLLC to be paid seven (7) calendar days from the execution of this Agreement for attorney's fees and shall not be subject to any withholdings.

      ii.      $2,500.00 shall be paid thirty (30) calendar days from the execution of this Agreement, subject to normal tax withholdings, with payments in this amount to continue every thirty (30) days until the Settlement Amount is satisfied.

    e.    *Late Payments.* In the event that Defendants fail to timely make payment as stated above, Defendants shall pay a penalty equal to the lesser of (a) 10% of the unpaid wages for each work day the wages due remain unpaid, or (b) an amount equal to the unpaid wages owed.

***II.***    ***Release of Defendants.*** Plaintiff on behalf of himself, his descendants, dependents, administrators, agents, heirs, assigns, and successors, hereby covenants not to sue and fully releases, acquits, and discharges Defendants and their subsidiaries and affiliates, past, present, future, as well as their owners, members, shareholders, trustees, agents, parent companies, employees, assigns, heirs, and successors (collectively referred to as the "Defendant Releasees") with respect to and from any and all claims, wages, demands, assistance, support, rights, liens, agreements, contracts, covenants, actions, suits, rights to appeal, entitlements and notices, causes of action, obligations, debts, costs, expenses, interests, attorneys' fees, contributions, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which they have at any time heretofore owned or held against said Defendant Releasees, including, without limitation, those arising out of or in any way connected with their relationship with Defendants to date (including claims relating to the Plaintiff's classification as an independent contractor) or any other transactions, occurrences, acts or omissions or any loss, damage or injury whatever, known or unknown, suspected or unsuspected, resulting from any of them, committed or omitted prior to the date of this Agreement, and including, without limitation, claims for payment of overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 207 and any and all other federal, state and local statutes, cases, authorities or laws (including common law) providing a cause of action that may be the subject of a release under applicable law, including any claims against the Defendant Releasees with respect to any matters which were or could have been alleged in the Action. This Agreement also includes, without limitation, Plaintiff's release of the Defendant Releasees of each and any claim of discrimination based upon age, race, sex, religion, national origin, or any other claim of employment discrimination under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act (ADEA) the Employee Retirement Income Security Act (ERISA), the Americans with Disabilities Act, as amended (ADA), and/or any other federal, state or local statute or common law prohibiting discrimination in employment. Plaintiff agrees not to file any lawsuit or institute any administrative agency proceeding against the Defendant Releasees asserting any such claim for a monetary award, including claims for punitive damages, or for reinstatement of employment. Plaintiff further agrees not to file any action against the

Defendant Releasees for deprivation of the Plaintiff's rights under any provision of federal and state law.

If any such claim which the Plaintiff attempts to release is not subject to release, to the extent permitted by law, the Plaintiff waives any right or ability to collect monetary damages or to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such claim in which the Defendant Releasees are a party. The Plaintiff promises not to consent to become a member of any class or collective in a case in which claims are asserted against the Defendant Releasees that are related in any way to the Plaintiff's employment/engagement or the termination of the Plaintiff's employment/engagement with the Defendant Releasees. If, without the Plaintiff's prior knowledge and consent, Plaintiff is made a member of a class in any proceeding, Plaintiff agrees to opt out of the class at the first opportunity.

***III.   No Assignment or Transfer of Claims.*** The Parties represent and warrant that no person other than the signatories to this Agreement had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is subject of this Agreement.

***IV.   No Admission.*** The Parties agree that this Agreement is made solely to resolve disputes, and there is no admission of fault by any Party of any liability or of any contention or allegation made by any other Party.

***V.   Governing Law.*** This Agreement shall be governed by and subject to the laws of the Commonwealth of Virginia.

***VI.   Severability.*** In the event that one or more of the provisions of this Agreement shall for any reason be held to be illegal or unenforceable, this Agreement shall be revised only to the extent necessary to make such provision(s) legal and enforceable.

***VII.   Entire Agreement.*** This Agreement constitutes and contains the entire agreement and understanding concerning the Plaintiff's claims against the Defendant Releasees, as well as any other subject matters addressed herein between the Plaintiff and the Defendants, and supersedes and replaces all prior negotiations and all prior agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. Any amendment or modification to this Agreement must be made in writing and signed by the Plaintiff and duly appointed representatives of Defendants. The drafting of this Agreement shall be deemed a mutual endeavor by all Parties and shall not be construed against any single Party as the drafter.

***VIII.   Acknowledgement of Wages.*** While Defendants dispute Plaintiff's contention that he was an employee of Defendants, Plaintiff agrees that payment of his portion of the Settlement Amount described in this Agreement represents the full payment of all unpaid regular wages, unpaid minimum wage, unpaid overtime, and liquidated damages owing to him or her by the Defendant Releasees, and Plaintiff hereby waives his right to monetary or other recovery should

any federal, state, or local administrative agency pursue any claims on his behalf arising out of and/or relating to his engagement with the Defendants.

**IX.** **_Captions._** Any captions to the Paragraphs of this Agreement are solely for the convenience of the Parties; neither they nor the title to this Agreement are to be construed in any way as modifying the provisions themselves.

**X.** **_Execution._** The Parties agree that the undersigned are fully authorized to execute this Agreement. The Parties also agree that this Agreement may be executed by each Party on different signature pages, and may be communicated by facsimile or PDF, and such form shall be treated as originals.

**XI.** **_Attorney's Fees._** In the event of a dispute between the parties arising from this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs incurred in connection with any such dispute.

The Parties acknowledge that they have read the foregoing Agreement or had the agreement read to them in their native language, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES COMPLETE RELEASES BY ALL PARTIES OF ALL KNOWN AND UNKNOWN CLAIMS.**

*XII.* **Attorney's Fees.** In the event of a dispute between the parties arising from this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs incurred in connection with any such dispute.

The Parties acknowledge that they have read the foregoing Agreement or had the agreement read to them in their native language, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES COMPLETE RELEASES BY ALL PARTIES OF ALL KNOWN AND UNKNOWN CLAIMS.**

LAITH & AMR, INC.

_____
(Signature)                    (date)

_____, _____
(Name)           (Title)

TALEB ALFAOURI.

_____
Taleb Alfaouri            (date)

KADER ALFAOURI.

_____
Kader Alfaouri            (date)
ISKANDARI SHAMSI.

*Iskandari Shamsi*  8/6/20
_____
Iskandari Shamsi          (date)

THE HENNESSY LAW FIRM, PLLC

(with regard to Sections 1, only)

_____
Thomas F. Hennessy, Esquire, Member

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT INCLUDES COMPLETE RELEASES BY ALL PARTIES OF ALL KNOWN AND UNKNOWN CLAIMS.**

LAITH & AMR, INC.

_Kader Alfaouri_  8/7/2020
(Signature)                (date)

_Kader Alfaouri_  _owner_
(Name)                (Title)

TALEB ALFAOURI

_[signature]_  8/7/2020
Taleb Alfaouri                (date)

KADER ALFAOURI

_[signature]_  8/7/2020
Kader Alfaouri                (date)

ISKANDARI SHAMSI

_____
Iskandari Shamsi                (date)

THE HENNESSY LAW FIRM, PLLC
(with regard to Sections 1, only)

_____
Thomas F. Hennessy, Esquire, Member

Page 5 of 5